## M. D. POTTER & Co. v. STEAMBOAT MONARCH.

### (No. 6,423.)

A steamboat is liable, under the watercraft law, for the printed bills of fare, bill heads, notices to consignees, advertising cards, bills and posters, when furnished for the use of the boat and on her credit at the request of the master; she is not liable, however, for the expense of newspaper advertisements.

SPECIAL TERM.—An action, under the watercraft law, to recover for supplies furnished on board the boat. The items were: 1st. For bill heads used in the making out of the boat's bills of freight; 2d. Bills of fare, used for table purposes; 3d. Bills or notices to consignees of the arrival of freight; 4th. Cards, intended for distribution on the boat; 5th. Large bills, or posters, for advertising her time of starting, etc.; 6th. Small bills of a similar description, for general distribution; 7th. Advertising in the newspaper the hours of departure and arrival. The defense admitted that the first, second, and third items were justly chargeable against the boat as supplies; that, as to the others, though the owners might be liable, the boat could not be sued on them in her own name.

*Dodd & Huston* and *J. H. Getzendanner,* for plaintiffs.

*Coffin & Mitchell,* for defendant.

SPENCER, J. The first section of the watercraft law provides, " that steamboats and other watercrafts, navigating the waters within or bordering upon this State, shall be liable for debts contracted on account thereof by the master,

owner, steward, consignee, or other agent, for materials, supplies, or labor in the building, repairing, furnishing or equipping the same." The second section provides, that " any person having such demand may proceed against the owner or owners or master of such craft, or against the craft itself." In the case of the canal boat *Huron* v. *Simmons*, 11 Ohio, 458, supplies furnished by the steward were held within the law; in the case of *Lewis* v. *Schooner Cleveland*, 12 Ohio, 341, it was held, seaman's wages might be recovered against the boat as money due for labor in the boat's equipment; and in the case of the *Schooner Argyle* v. *Worthington*, 17 Ohio, 460, an agreement to collect charges on cargo delivered was enforced as part of the contract for the transportation of goods. In the first of these cases, the judge who delivered the opinion remarks that the law on the subject was remedial in its character, and should receive an equitable construction, inasmuch as it is intended to furnish a remedy against the boat in cases where the owners would be liable, because of the difficulty of determining who the owners might be.

Further, it has been held by Judge Storer that a contract made with the captain of a boat to recompense parties who had saved property, fell within the equity of this statute. In view of these various decisions, I do not conceive that it would be straining the law to hold that all the items of the account, excepting the publication in the newspaper, were supplies within the meaning of the statute. It is not for the party furnishing these bills or cards, furnished on the boat for her use, in connection with her navigation, to inquire whether they were to perform their service strictly on the boat or elsewhere. Judgment for the amount of all the items, except the advertising account.*

---

* This judgment was subsequently affirmed in general term and in the supreme court.